■ DIMITRI STINAROFF, Appellant, v IRENE GOLDEN, Also Known as MAE I. GOLDEN, et al., Respondents, et al., Defendant.—In an action, *inter alia,* for specific performance of a

contract to purchase real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated August 2, 1990, as granted the respondents' motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 27, 1989, the plaintiff, Dimitri Stinaroff, and the defendant Irene Golden entered into a contract for the sale of property known as 56 Northern Boulevard, in Great Neck. The property consisted of land and a two-story boarded-up vacant building.

Instead of appearing for the closing, on April 4, 1990, Stinaroff filed a lis pendens and instituted this action for specific performance of the contract and an abatement of the purchase price, since the Town of Great Neck, subsequent to the signing of the contract, had deemed the structure unsafe and demanded that it be demolished. In the alternative, Stinaroff sought rescission and return of his down payment, claiming that the value of the property would be diminished by at least $150,000 as a result of the demolition of the building.

The Supreme Court properly dismissed the complaint. A rider to the contract provided that no representations had been made to Stinaroff by Golden as to the physical condition of the premises. Moreover, Stinaroff was given the opportunity to inspect the premises, and he agreed to accept the premises in "as is" condition. The provision obligating the seller to cure any violations of law was expressly stricken from the pre-printed portion of the contract. Furthermore, the mortgage commitment obtained by Stinaroff on February 26, 1990, specifically provided for the removal of the building.

We have examined Stinaroff's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.